THE HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEAN JONES, an individual,

          Plaintiff,

v.

MICROSOFT CORPORATION, a Washington corporation,

          Defendant.

Case No. 2:24-cv-01898-KKE

**STIPULATED PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. PROTECTED MATERIAL

STIPULATED PROTECTIVE ORDER - 1
(Case No. 2:24-cv-01898)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

2.1     Material designated "Confidential" includes any materials or information (regardless of how it is generated, stored, or maintained) or tangible things containing: (1) material the designating party is required by contract or state or federal law to keep confidential; (2) personally identifying information that is required to be redacted from court records pursuant to LCR 5.2 or other applicable court rule, statute or the Rules of Professional Conduct; (3) medical information or records; (4) employee personnel records or other sensitive personnel information, such as payroll records, wage and salary information, evaluation materials, and investigation files; (5) accounting information or tax records; and (6) other confidential research, development, or commercial information that is not readily ascertainable outside of this litigation and which the designating party has taken reasonable steps to maintain its confidentiality.

2.2     Material designated "Attorneys' Eyes Only" includes any Confidential materials or information (regardless of how it is generated, stored, or maintained) or tangible things that also contain: (1) protected health information per 45 C.F.R. § 160.103 and/or health care information as defined by RCW 70.02.010(17) that the designating party is prohibited from disclosing; (2) information that would substantially violate the reasonable privacy expectations of any third party, including current or former employees, and subject such individuals to significant embarrassment or harassment; and (3) any competitively sensitive financial information which belongs to a designating party who believes in good faith that the disclosure of such information to another party or non-party would create a substantial risk of serious competitive injury that cannot be avoided by less restrictive means.

3.      SCOPE

The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material.

STIPULATED PROTECTIVE ORDER - 2
(Case No. 2:24-cv-01898)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.  ACCESS TO AND USE OF PROTECTED MATERIAL

4.1  <u>Basic Principles</u>. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2  <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Protected Material only to:

(a)  the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the receiving party, and officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)  experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which shall include their agreement not to divulge any Protected Material to any other person, their agreement not to use any Protected Material for any purpose other than this litigation, their consent to the jurisdiction and contempt power of this Court with respect to the enforcement of the order, and their agreement to return to the disclosing attorney (the attorney who retained and disclosed the expert) within thirty (30) business days after termination of this litigation (i) all documents and other material containing designated Protected Material received by them and all copies thereof,

STIPULATED PROTECTIVE ORDER - 3
(Case No. 2:24-cv-01898)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

and (ii) all reports, correspondence and other tangible things in their possession or control which contain any Protected Material disclosed to such expert or consultant;

   (d) the Court, court personnel, and court reporters and their staff;

   (e) copy or imaging services retained by counsel to assist in the duplication of Protected Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Protected Material to third parties and to immediately return all originals and copies of any Protected Material;

   (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this agreement;

   (g) mediators or other persons engaged in alternative dispute resolution; and

   (h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

  4.3 <u>Filing Protected Material</u>. Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the "Confidential" or "Attorneys' Eyes Only" designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific Protected Material at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in

STIPULATED PROTECTIVE ORDER - 4
(Case No. 2:24-cv-01898)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.   DESIGNATING PROTECTED MATERIAL

    5.1   Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are strictly prohibited—unless clearly justified (*i.e.*, sensitive health or medical information, financial account numbers, passwords, or log-ins, and identifying information such as dates of birth or full Social Security numbers). Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2   Manner and Timing of Designations. Except as otherwise provided in this agreement or as otherwise stipulated or ordered, disclosure of discovery material that qualifies for protection under this agreement must be clearly so designated before or when that material is disclosed or produced.

        (a)   Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

STIPULATED PROTECTIVE ORDER - 5
(Case No. 2:24-cv-01898)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins); provided, however, that a party may designate documents produced in this matter as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on a family level (*e.g.*, marking an email and any documents attached to the email "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" when the email, but not the attachments contain Protected Material) in order to reduce cost and burden during the review and production process. However, if such a family level designation makes using the documents cumbersome, the parties shall meet and confer about changing the designation in order to make it less cumbersome.

        (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen (15) calendar days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as CONFIDENTIAL or "ATTORNEYS' EYES ONLY." If a party or non-party desires to designate Protected Material at trial, the issue should be addressed during the pre-trial conference. Potentially protected trial testimony will be addressed by separate order upon motion made prior to or at trial as appropriate.

        (c)    <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a

STIPULATED PROTECTIVE ORDER - 6
(Case No. 2:24-cv-01898)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING DESIGNATIONS

    6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of Protected Material at any time. Unless a prompt challenge to a designating party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding designations without court involvement. Any motion regarding Protected Material or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

    6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain its designation under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as designated until the court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

STIPULATED PROTECTIVE ORDER - 7
(Case No. 2:24-cv-01898)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

STIPULATED PROTECTIVE ORDER - 8
(Case No. 2:24-cv-01898)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

10. **TERMINATION OF ACTION**

The obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. After termination of this action, whether by settlement or resolution of the action through legal proceedings, counsel for the receiving party is entitled to retain a single copy of Protected Material in their litigation file. All other copies must be destroyed within 30 business days of termination. The receiving party represents that it will not use Protected Material for any other purpose except to litigate this action or resolve any claims which might arise from this action.

If Protected Materials are disclosed to a third party pursuant to Paragraph 4.2 above, the party that disclosed the materials will take reasonable steps to ensure that any such third party has destroyed the Protected Materials within the specified time frame.

11. **EFFECT OF STIPULATION**

Once all parties have agreed to this Stipulation, it shall be treated by the parties as an Order of Court until it is formally approved by the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated this 23rd day of April, 2025.

| **DICKERSON DAVIS AHMED, PLLC** | **MORGAN, LEWIS & BOCKIUS LLP** |
|---|---|
| By: *s/ Mark K. Davis* <br> Mark K. Davis, WSBA #38713 <br> 100 Second Ave S., Suite 190 <br> Edmonds, WA 98020 <br> Phone: (425) 776-1352 <br> Email: mark@lawdda.com <br><br> *Attorneys for Plaintiff Dean Jones* | By: *s/ Molly Terwilliger* <br> Molly Terwilliger, WSBA #28449 <br> Claire Lesikar, WSBA #60406 <br> T. Ray Ivey, WSBA #55683 <br> 1301 Second Avenue, Suite 3000 <br> Seattle, WA 98101 <br> Phone: (206) 274-6400 <br> Email: molly.terwilliger@morganlewis.com <br> claire.lesikar@morganlewis.com <br> ray.ivey@morganlewis.com <br><br> *Attorneys for Defendant Microsoft Corporation* |

STIPULATED PROTECTIVE ORDER - 9
(Case No. 2:24-cv-01898)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: April 23, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge

*Presented by:*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly Terwilliger*
Molly Terwilliger, WSBA #28449
Claire Lesikar, WSBA #60406
T. Ray Ivey, WSBA #55683
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email:   molly.terwilliger@morganlewis.com
         claire.lesikar@morganlewis.com
         ray.ivey@morganlewis.com

*Attorneys for Defendant Microsoft Corporation*

**DICKERSON DAVIS AHMED, PLLC**

By: *s/ Mark K. Davis*
Mark K. Davis, WSBA #38713
100 Second Ave S., Suite 190
Edmonds, WA 98020
Phone: (425) 776-1352
Email:   mark@lawdda.com

STIPULATED PROTECTIVE ORDER - 10
(Case No. 2:24-cv-01898)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Attorneys for Plaintiff Dean Jones*

STIPULATED PROTECTIVE ORDER - 11
(Case No. 2:24-cv-01898)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Jones v. Microsoft*, Case No. 2:24-cv-01898-KKE. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATED PROTECTIVE ORDER - 12
(Case No. 2:24-cv-01898)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401